UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LEONARD BRUNO, ET AL., <br> Plaintiffs, <br> v. <br> C. RICHARD POTTS, et al., <br> Defendants. | Case No. 4:17-cv-07225-KAW <br><br> **ORDER DISCHARGING ORDER TO SHOW CAUSE; ORDER CONTINUING CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. Nos. 9-11 |

This action was filed on December 20, 2017. (Dkt. No. 1.) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs had 90 days to complete service of the complaint and summons on Defendants, such that March 20, 2018 was the last day to complete service or to file a Motion for Administrative Relief from the deadline pursuant to Civil L.R. 7-11. The Case Management Conference (CMC), scheduled for March 20, 2018, was continued to May 29, 2018, because Defendants had not been served 7 days prior to the original CMC date. (Dkt. No. 7.) On March 30, 2018, the undersigned issued an order to show cause to Plaintiffs to explain why this matter should not be dismissed without prejudice for failure to comply with the deadline to complete service on Defendants or to file a Motion for Administrative Relief. (Dkt. No. 9.) On April 9, 2018, Plaintiff Paul Bruno filed a response to the order to show cause, in which he explained that he believed that all case deadlines were continued, and requested that he have until May 29, 2018 to serve Defendants. (*See* Dkt. No. 10 at 2.) Given that Plaintiffs are pro se, the Courts GRANTS the request and the deadline to serve all defendants is extended to May 29, 2018. The failure to serve all Defendants by that date and to file certificates of service may result in the case being dismissed without prejudice for failure to prosecute.

Based on the filings thus far, the Court has some concerns regarding this case. First, Mr.

1  Bruno is advised that he cannot represent co-plaintiff Joann Bruno, because he is not an attorney
2  admitted to practice in this district. Thus, she will either have to actively participate in the
3  prosecution of this case by signing off on all filings or be dismissed as a party.

Second, the Court is concerned that Plaintiff is attempting to improperly invoke federal jurisdiction over family law claims that cannot be tried in federal court. Federal courts are courts of limited jurisdiction. While the undersigned understands that Plaintiff is frustrated by the litigation resulting from the pending dissolution of his registered domestic partnership, he is further advised that attempts to relitigate prior state court rulings is a violation of the *Rooker-Feldman* doctrine, which divests the federal court of jurisdiction. Simply raising a civil rights claim is not sufficient to confer jurisdiction.

For these reasons, Plaintiff is directed to schedule a telephone appointment with the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982, where a licensed attorney may assist him in identifying what claims, if any, he can bring in federal court. Plaintiff should provide a copy of this order in advance of his schduled appointment, along with a copy of the complaint.

Also on April 9, 2018, Plaintiff filed a document titled "Request for Case Numbers for Supplementary Proceedings." (Dkt. No. 11.) This is not a proper request, as the court does not provide case numbers prior to cases being filed, so the request is DENIED.

Finally, the May 29, 2018 case management conference is continued to **July 17, 2018** at 1:30 p.m. at U.S. District Court, 1301 Clay Street, Oakland, California. Case management statements must be filed on or before **July 10, 2018**.

IT IS SO ORDERED.

Dated: April 27, 2018

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge