# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL LEONARD BRUNO,**<br>Plaintiff**,**<br>vs.<br>**C. RICHARD POTTS, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-07225-YGR<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE: DISMISSAL OF ACTION**<br><br>Re: Dkt. No. 15 |

Plaintiff Paul Leonard Bruno, proceeding *pro se*, has filed an ex parte motion for a temporary restraining order ("TRO") seeking an order to: (i) enjoin defendants and certain non-parties from pursuing further default judgments against him in his ongoing Chapter 11 bankruptcy proceeding; and (ii) enforce certain orders entered in Bruno's pending state court dissolution and Chapter 13 bankruptcy proceedings. (Dkt. No. 15 ("TRO Motion") at 5–9, 11–13.) Bruno contends that this relief will afford him time to retain counsel in the above-captioned case, who will then be able to "(A.) take his case to a trial on the merits[,] or (B.) reach settlements with Defendants." (TRO Motion at 4.)

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of preliminary injunctions. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary remedy that may only

be awarded upon a clear showing that the plaintiff is entitled to relief." *Winter v. Nat. Res. Def. Council. Inc.*, 555 U.S. 7, 22 (2008). In order to obtain such relief, plaintiffs must establish four factors: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id*. at 20.

Putting aside the propriety of Bruno's requests, as it appears the injunction sought could interfere with the duties of both California state and bankruptcy courts, Bruno's motion suffers from numerous fatal defects.

As an initial matter, the motion seeks an injunction against multiple non-parties (*see* TRO Motion at 11), but this Court cannot enjoin the activities of individuals or entities that are not parties to this litigation. *See Zepeda v. U.S. Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter over the claim; it may not attempt to determine the rights of persons not before the court.").

Moreover, Bruno has failed to comply with Rule 65 of the Federal Rules of Civil Procedure. He seeks a temporary restraining order without notice but has not certified in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Nor has he set forth "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Instead, the issues raised and relief requested in Bruno's complaint are largely unrelated to the relief he seeks in his instant motion, as further explained below. (*See* Dkt. No. 1 ("Complaint") at 16–17.)

Yet another defect can be found in the motion's failure to establish a likelihood of success on the merits. Likelihood of success on the merits means a "reasonable probability" of success. *King v. Saddleback Jr. College Dist.*, 425 F.2d 426, 428 n.2 (9th Cir. 1970). The claims alleged in Bruno's complaint are for legal malpractice, misrepresentation, and breach of fiduciary duty, each of which arises solely from defendant Potts' alleged misconduct in connection with the creation of Bruno's registered domestic partnership. (*See* Complaint at 16–17.) Not only would these three claims fall short of entitling Bruno to injunctive relief in the first instance, each claim is also

markedly absent from his motion. Instead, the motion raises a host of new claims, against multiple named defendants and non-parties, that are unrelated to the allegations contained in his complaint. For example, Bruno contends that he is a "victim of racketeering" because "certain Defendants have been painting [him] in a negative light and manufacturing federal and state court dockets with the intent to deter counsel from [Bruno] and stymie the case." (TRO Motion at 2.)

This Court does not have the authority to issue an injunction because Plaintiff's motion is neither based on the same causes of action or factual allegations as the complaint nor does the TRO motion seek the same character of relief. *See Pac. Radiation Oncology, LLC v. Queen's Med.l Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). The Ninth Circuit requires that there "be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* at 636. Specifically, there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945)).

Because Bruno has failed to show a likelihood of success on the merits, the Court need not address the remaining *Winter* factors. Nevertheless, the Court does so briefly here for the sake of completeness. With respect to likelihood of irreparable harm, Bruno claims "[t]he only outcome Defendants seek is to exterminate [him], which will occur through his disability, vulnerabilities, deprivation[,] and oppression, at the hands of Defendants. This has been ongoing for approximately 2.5 years." (TRO Motion at 8.) Bruno further claims that "Defendants would assume [sic] toss Plaintiff on a trash heap in order to cover up the frauds they perpetrated in the Arizona Bankruptcy Court between August 2016 and September 7, 2017, which nearly caused the death of Plaintiff." (TRO Motion at 10–11). In Bruno's view, defendants' alleged actions are "tantamount to attempted murder of Plaintiff." (*Id*. at 19.) However, the harm he fears is speculative and unsubstantiated.[1] Bruno's assertions that these alleged harms have been ongoing

---

[1] Bruno cites medical records to support his claim that defendants "nearly killed him on

3

"for approximately 2.5 years" and "between August 2016 and September 7, 2017" further weigh against any exigency. (*Id*. at 8, 11.)[2]

Similarly, Bruno fails to demonstrate that a balancing of equities or the public interest favor issuance of a TRO. In fact, Bruno claims that his requested TRO would be duplicative of existing state court and bankruptcy court injunctions. Specifically, Bruno claims that: "The California Superior Court TRO issued on February 3, 2016 and domesticated in Arizona on Feb. 6, 2016 is in full force and effect. Likewise, Defendant [sic] Chapter 13 automatic stay injunction easily transfers to this Court. Essentially, the TRO is not very different from what Plaintiff has in place. Defendants are not prejudiced from being enjoined from conduct they are already enjoined from." (TRO Motion at 11.)

In light of the foregoing deficiencies, Bruno's TRO Motion cannot succeed and is thus **DENIED**. For the same reasons, Bruno's request for a preliminary injunction is also **DENIED**.

The Court further reiterates Magistrate Judge Westmore's concern that Bruno is attempting improperly to invoke federal jurisdiction over state law claims that cannot be tried in federal court. (*See* Dkt. No. 12 at 2.) Bruno is hereby **ORDERED TO SHOW CAUSE**, in a statement not to exceed five (5) pages, why this action should not be dismissed for lack of federal jurisdiction, or, alternatively, file an amended complaint which sets forth a proper basis for jurisdiction, by no later than **July 26, 2018**. Failure to file a timely statement or an amended complaint may result in dismissal of the action.

---

March 13, 2018." (TRO Motion at 11; *see also* Dkt. No. 15-1 at ECF 1–4 ("Records").) Not only do these records show that Bruno was both admitted to and discharged from the urgent care center on March 7, 2018, and not March 13, 2018, they show only that Plaintiff was treated for "[c]ellulitis of left finger" and that he left the facility "without difficulty." (Records at ECF 3–4.)

[2] The Court also notes that to the extent Bruno seeks an injunction on the basis of money damages (*see* TRO Motion at 18), his efforts are unavailing. Under well-established principles of equity, a plaintiff seeking injunctive relief must show irreparable injury, for which "remedies available at law, such as monetary damages, are inadequate to compensate." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also Patriot Contract Servs. v. United States*, 388 F. Supp. 2d 1010, 1026 (N.D. Cal. 2005) ("The usual rule is that mere loss of money does not qualify as irreparable harm if the party can be made whole through money damages when the claim is resolved on the merits.") (internal quotation marks omitted). While Bruno's motion lists certain real and personal property as "constitut[ing] irreparable harm" (TRO Motion at 18), his showing on this basis fails as the claims in his complaint do not entitle him to recovery of such property. (*See* Complaint at 16–17.)

This Order terminates Docket Number 15.

**IT IS SO ORDERED.**

Dated: June 29, 2018

_____
**LUCY H. KOH
UNITED STATES DISTRICT COURT JUDGE**