# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL LEONARD BRUNO,**<br>Plaintiff**,**<br>vs.<br>**C. RICHARD POTTS, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-07225-YGR<br><br>**ORDER OF DISMISSAL FOR LACK OF JURISDICTION** |

On June 29, 2018, this Court issued an order both (i) denying plaintiff Paul Leonard Bruno's motion for a temporary restraining order, and (ii) requiring plaintiff to show cause why this action should not be dismissed for lack of federal jurisdiction, or, alternatively, file an amended complaint setting forth a proper basis for jurisdiction. (Dkt. No. 19.)

Plaintiff was warned that failure to failure to file a statement or amended complaint by July 26, 2018 could result in dismissal of the action. To date, plaintiff has not filed a statement or amended complaint. Accordingly, pursuant to Federal Rule of Civil Procedure 41, this action is **DISMISSED WITH PREJUDICE** for lack of jurisdiction.[1]

While the Court can appreciate the hardships articulated by plaintiff in his filings, the Court cannot discern any basis upon which it can exercise jurisdiction over the subject matter of the dispute. *See* 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must dismiss the action if no such jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994):

---

[1] The Court notes that a "Response to Order to Show Cause" was entered on the docket on June 29, 2018. (Dkt. No. 22.) However, the response is dated June 27, 2018, and thus could not have been submitted in response to the Court's order from June 29, 2018. Indeed, it appears to be a response to Magistrate Judge Kandis A. Westmore's second order to show cause, issued on June 20, 2018, before this case was reassigned to the undersigned. In any event, the response fails to establish a proper basis for federal jurisdiction and does not affect the Court's instant ruling.

[Federal courts] possess only that power authorized by Constitution and statute, *see Willy v. Coastal Corp.,* 503 U.S. 131, 136–137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America,* 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936).

Accordingly, dismissal is appropriate here. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 3, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**